# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CV 7846 | **DATE** | 12/26/00 |
| **CASE TITLE** | Thaddeus Todd Junior v. Dominicks Finer Food, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to proceed without prepayment of fees is granted. (5-1) Plaintiff's motion for appointment of counsel is denied for the present. (4-1) After Dominick's has filed its responsive pleading, so that this Court will be better advised as to the nature of the issues properly within the scope of this action, this Court may be prepared to take a fresh look at the appointment of counsel issue on an appropriately limited basis.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 0 2 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 6 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THADDEUS TODD JUNIOR,  )
                       )
         Plaintiff,    )
                       )
    v.                 )   No. 00 C 7846
                       )
DOMINICKS FINER FOOD, et al., )
                       )
         Defendants.   )

## MEMORANDUM OPINION AND ORDER

Thaddeus Todd Junior ("Todd") has submitted a self-prepared Complaint of Employment Discrimination against his ex-employer Dominick's Finer Food ("Dominick's") and the labor union that he designates as "UFCW Local 1540" ("Union"), using the form of such Complaint provided by the Clerk of this District Court for use by unrepresented litigants, with the various blanks filled in by Todd's typewritten entries. Todd has accompanied his Complaint with two other forms, each also furnished by the Clerk's Office and filled in by Todd:

1. his Application To Proceed Without Prepayment of Fees ("Application") and

2. his Motion for Appointment of Counsel ("Motion").

For the reasons stated in this memorandum opinion and order, the Application is granted (but with the limitation stated hereafter), while the Motion is denied for the present.

Todd certainly qualifies in financial terms for in forma pauperis treatment, and the Complaint and the attached Charge of

Discrimination that Todd filed with the EEOC discloses a non-frivolous claim of race discrimination (for this purpose Todd's assertions must be accepted as true). That then entitles him to proceed without payment of the filing fee.

But two aspects of Todd's Complaint fail the non-frivolousness test in the legal sense. First, as against Dominick's it is wholly implausible to credit the notion that Todd, having been hired as a cashier in May 1999 at age 44 (when he was already in the class protected by the Age Discrimination in Employment Act), was discharged just 14 months later <u>because of his age</u> (and hence in violation of ADEA). And second, because Union was not his employer, his EEOC charge against it under Title VII and ADEA, as well as his current effort to sue it under those statutes, come up empty. Consequently Todd's lawsuit will proceed only against Dominick's and only on his claim of race discrimination.

Todd's Motion poses still other difficulties. To be sure, he certainly qualifies for the appointment of pro bono counsel in financial terms, and it is also true that this Court's regular practice is to appoint counsel in connection with complaints that surmount a threshold hurdle of non-frivolousness in the legal sense (such appointments most frequently prove better not only for the lay plaintiff but also for defendants, whose counsel end up dealing with someone who is more likely to facilitate going

2

forward with the action in an efficient way, and also tend to benefit the court accordingly). But in this instance Todd has chosen to throw in a hodgepodge of assertions about his being the victim of a wide-ranging conspiracy and other blunderbuss assertions quite extraneous to his claim against Dominick's. This Court has no obligation to provide Todd with a cost-free lawyer to facilitate his venting of general grievances against everyone in sight. Accordingly the Motion is denied for now. After Dominick's has filed its responsive pleading, so that this Court will be better advised as to the nature of the issues properly within the scope of this action, this Court may be prepared to take a fresh look at the appointment-of-counsel issue on an appropriately limited basis.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 26, 2000